**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR GARCIA, JR., | ) Case No.: 1:14-cv-00476-BAM (PC) |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S MOTION FOR |
| v. | ) LEAVE TO FILE AMENDED COMPLAINT |
| | ) (ECF No. 21) |
| TULARE COUNTY MAIN JAIL, et al., | ) |
| Defendants. | ) ORDER DIRECTING CLERK OF COURT TO |
| | ) FILE LODGED AMENDED COMPLAINT |
| | ) (ECF No. 10) |
| | ) |
| | ) |
| | ) |

## I.    Background

Plaintiff Omar Garcia, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 3, 2014.  On January 16, 2015, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that it stated a cognizable claim against Defendants O'Rafferty, Kaious and Doe 1 for excessive force in violation of the Fourteenth Amendment, against Defendants Onstott and Doe 1 for failure to intervene in violation of the Fourteenth Amendment, against Defendants O'Rafferty, Kaious, Flores, Avina, Meyers and Ellis for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment, but did not state any other cognizable claims.  Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff was ordered to either file

1

1    an amended complaint or notify the Court of his willingness to proceed on the cognizable claims.

2    (ECF No. 8.)  On February 2, 2015, Plaintiff filed a notice of his willingness to proceed on the

3    cognizable claims.   (ECF No. 9.)

4           Based on Plaintiff's notice, on February 4, 2015, the Court directed service on Defendants

5    O'Rafferty, C. Kaious, M. Onstott, J. Flores, Meyers, Avina, and Ellis.  However, the Court did not

6    find service appropriate for Defendant Doe 1 because the U. S. Marshal could not serve a Doe

7    Defendant.  Additionally, the Court dismissed all other federal claims and defendants, with prejudice,

8    based on Plaintiff's failure to state any claims upon which relief may be granted.  (ECF No. 10.)

9           On May 5, 2015, Defendants Onstott, Kaiois (sued as C. Kaious), Ellis, Myers (erroneously

10   sued as Meyers), Avina, Flores, Jr. (sued as J. Flores), and O'Rafferty filed an answer.  (ECF No. 14.)

11          Following Defendants' answer, the Court issued a Discovery and Scheduling Order, which set

12   the deadline to amend pleadings as November 6, 2015.  The order also set the discovery deadline as

13   January 6, 2016, and the dispositive motion deadline as March 14, 2016.  (ECF No. 16.)

14          On July 22, 2015, Plaintiff filed the instant motion to amend his complaint in order "to cure the

15   deficiencies within his original complaint, and to state with specificity how each defendant caused

16   harm to Plaintiff."  (ECF No. 21 at 1.)  Plaintiff contends that since the filing of his complaint he has

17   been able to "ascertain and identify four individual causes of action which will aid the court in

18   adjudicating the case."  (ECF No. 21 at 1.)  In addition to his moving papers, Plaintiff also lodged his

19   proposed amended complaint.  (ECF No. 20.)  Defendants did not respond to the pending motion.

20          The matter is deemed submitted pursuant to Local Rule 230(l).

21   **II.      Legal Standard**

22          Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once

23   as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days

24   after service of the response. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the

25   court or by written consent of the adverse party, and leave shall be freely given when justice so

26   requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given

27

28
                                                     2

1    when justice so requires.'"  *Amerisource Bergen Corp. v. Dialysis West*, *Inc.*, 465 F.3d 946, 951 (9th

2    Cir. 2006).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the

3    opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is

4    futile."  *Id.*  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to

5    amend.'"  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001)

6    (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)).

7    **III.    Discussion**

8        In his lodged amended complaint, Plaintiff appears to propose the following amendments:  (1)

9    expressly identifying Tulare County as a defendant; (2) adding a section 1983 claim against Tulare

10   County; (3) adding a state law claim for negligence against Defendants O'Rafferty, Kaiois, Onstott,

11   Flores, Myers, Avina and Ellis; (4) adding a state law claim for violation of Government Code section

12   845.6 against Tulare County, O'Rafferty, Kaiois, Onstott, Flores, Myers, Avina and Ellis; and (4)

13   clarifying his requested relief, including amounts sought in compensatory and punitive damages.

14   (ECF No. 21.)

15       The Court has reviewed the proposed amended complaint and finds that leave to amend should

16   be granted.  In considering the relevant factors, the Court finds no indication that the amendment will

17   result in prejudice to Defendants currently appearing in this action.  Defendants, by failing to oppose

18   the motion, have waived any argument regarding prejudice.  Moreover, the proposed amendment does

19   not change the nature of Plaintiff's underlying action against Defendants.

20       The Court also finds no indication that the amendment is sought in bad faith or will unduly

21   delay these proceedings.  Any potential delay resulting from amendment is not attributable to dilatory

22   conduct by Plaintiff in these proceedings.  Plaintiff timely filed his motion for leave to amend and

23   Defendants voiced no objections.  Admittedly, the discovery deadline in this action passed on January

24   6, 2016, however, the Court intends to screen the amended complaint upon its filing and, if necessary

25   and appropriate, modify the relevant discovery and dispositive motion deadlines.  As the proposed

26

27

28

3

amended complaint does not substantially alter the underlying allegations in this action, the Court does not anticipate that additional discovery, if any, would be extensive.

Finally, Plaintiff's amendments do not appear wholly futile. More importantly, the Court intends to screen the amended complaint pursuant to 28 U.S.C. § 1915A(a). The Court will dismiss any portion of Plaintiff's amended complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.    Conclusion and Order

Based on the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to file an amended complaint, filed on July 22, 2015, is GRANTED.

2. The Clerk of the Court is DIRECTED to file the First Amended Complaint, lodged on July 22, 2015 (ECF No. 20);

3.  After filing, the Court will screen the First Amended Complaint in due course; and

4. Defendants Onstott, Kaiois, Ellis, Darrell Myers, Avina, Flores, Jr.,  and O'Rafferty are not required to file a responsive pleading or other response to the amended complaint unless and until directed by the Court.

IT IS SO ORDERED.

Dated:   **February 16, 2016**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

4