# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR GARCIA, JR., | Case No. 1:14-cv-00476-BAM (PC) |
| Plaintiff, | ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY |
| v. | |
| M. O'RAFFERTY, et al., | |
| | (ECF No. 22) |
| Defendants. | |

**I.    Introduction**

Plaintiff Omar Garcia, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action proceeds against defendants O'Rafferty, Kaious and Doe 1 for excessive force in violation of the Fourteenth Amendment; against defendants Onstott and Doe 1 for failure to intervene in violation of the Fourteenth Amendment; and against defendants O'Rafferty, Kaious, Flores, Avina, Meyers and Ellis for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment (collectively, "Defendants"). Plaintiff filed a first amended complaint on February 16, 2016, which has not been screened. (ECF No. 24.)

On January 4, 2016, Plaintiff filed the instant motion to compel Defendants' responses to a request for production of documents. (ECF No. 22). On September 28, 2016, Defendants filed an opposition to this motion. (ECF No. 26.) On October 27, 2016, Plaintiff filed a reply entitled,

"closing argument." (ECF No. 27.) The motion is deemed submitted. Local Rule 230(l).[1]

## II. Motion to Compel Production of Documents

### a. Legal Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1).

In responding to requests for production, a party must produce documents or other tangible things which are in his or her "possession, custody, or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). "The party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications..... [T]he party asserting the privilege must make a *prima facie* showing that the privilege protects the information the party intends to withhold." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992) (citations and footnotes omitted). "The party asserting the work product privilege bears the burden of proving that the material withheld meets the standards established for material to be classified as work product. Specifically, the party asserting the privilege must show that the materials withheld are: (1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; and (3) the documents or tangible things were prepared by or for the party or the attorney asserting the privilege." *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003).

Generally, "[t]he party opposing discovery bears the burden of resisting disclosure." *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted). The Court, however, will not order the parties to produce documents that do not exist or are not in the parties' possession or control. *See Walker v. Karelas*, No. CIV S-07-2545 MCE DAD P, 2009

---

[1] On September 20, 2016, Plaintiff filed a motion for a ruling on his motion to compel and a motion for a mandatory settlement conference. (ECF No. 25.) The Court will address those motions by separate order.

WL 3075575, at *2 (E.D. Cal. Sept. 21, 2009) (citing Fed. R. Civ. P. 34(a)(1)). The Court also will not compel the parties to produce documents that are equally available to both parties. *See Walker*, 2009 WL 3075575 at *2. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

### b. Summary of Relevant Allegations

Plaintiff, now a state prisoner, alleges the events occurred while Plaintiff was housed at the Tulare County Main Jail. Plaintiff alleges the following. On April 2, 2012, Plaintiff was attacked by one of the inmates in his cell. Plaintiff was removed from his cell and placed in a holding cell pending investigation. Plaintiff complained to several deputies about his injuries. Plaintiff was then moved to another holding cell before being rehoused on a different floor.

Defendants O'Rafferty and Kaious arrived to transport Plaintiff to the nurse, but started punching Plaintiff's head and torso, and Plaintiff was eventually knocked unconscious in the elevator. Defendant Doe 1 joined in the beating while the nurse and Defendant Onstott watched. Defendants O'Rafferty, Kaious and Doe 1 continued to beat Plaintiff. Defendants Onstott and Doe 1 watched the beating and did nothing to stop it. During these events, Plaintiff did not resist or threaten defendants.

The nurse evaluated Plaintiff and stated he needed hospitalization and possible emergency intake because of these injuries. Eventually, Plaintiff was escorted to Kaweah Delta Hospital. Upon arrival at the hospital, Defendants Meyers and Avina intervened in the provision of medical care and returned Plaintiff to jail. Plaintiff was rehoused at the Tulare County Main Jail. Medical personnel conducted some medical monitoring until transferred to the Tulare County Pretrial. Upon arriving at the pretrial infirmary, Plaintiff was received by Defendant Ellis and was forced to limp for approximately 75 yards to his cell. Defendant Ellis refused to issue Plaintiff any grievances during his forty-five (45) days at the facility. Sometime in May of 2012, Plaintiff was returned to the main jail for rehousing.

///

///

### c. Summary of Arguments

#### i. Plaintiff's Motion to Compel

Plaintiff states that he served his request for production of documents on Defendants on October 16, 2015, and Defendants served their responses on November 20, 2015. Plaintiff asserts that Defendants raised several boilerplate objections and other inadequate responses based on attorney-client and attorney work product privileges without specifying how the privileges apply. Plaintiff further states that he sent a meet and confer letter on December 16, 2015 in an attempt to resolve these issues. (ECF No. 22.)

Plaintiff argues the Defendants' objections based on privilege are improperly asserted and do not apply to the documents requested. Plaintiff contends that Defendants have not produced a privilege log or made a specific showing to justify their objections based on the attorney-client and attorney work product privileges.

Plaintiff argues that he requested a videotape which is central to his case. Plaintiff argues there are cameras pointed in the general direction of the infirmary from several vantage points that show the inside and outside of the infirmary and all directions of approach. Plaintiff argues that the video footage he seeks of the locations of the beatings will show he was beaten unjustifiably, or it may prove that Plaintiff was the aggressor and the amount of force used was justified. (*Id.*)

#### ii. Defendants' Opposition

On January 5, 2016, Defendants' counsel deposed Plaintiff. During the deposition, counsel advised Plaintiff that no cameras existed inside the infirmary and that defendants would produce the requested videos for him on a disc. The only documents withheld were under attorney-client privilege. Following the deposition, Defendants failed to send the video disc because of an oversight due to staffing changes in the office of Defendants' counsel.  But the video has now been sent and they are no longer requiring Plaintiff to pay for the cost of production. Defendants argue that the remaining issues involve requests for production of documents that are subject to attorney-client privilege, do not exist, are equally available to Plaintiff, or are actually interrogatories.

4

### iii. Plaintiff's Reply

Plaintiff contends Defendants' opposition is untimely and must be rejected. Plaintiff states that Defendants' counsel acknowledged at the deposition on January 15, 2016[2] that his office had received the motion to compel and the meet and confer letter. Defendants filed their opposition nine months after Plaintiff had filed his motion Plaintiff also states that Defendants' counsel failed to state any objections or opposition at that time, or file a formal opposition, and have waived any opposition. Plaintiff further asserts that he was prejudiced by Defendants' untimely filing of their opposition, although he does not state the prejudice.[3]

Plaintiff also argues that the video disc Defendants provided contains alterations and inconsistencies, and is missing footage. Plaintiff contends that all footage of the Defendants' use of force was deleted. Defendant further argues this video disc is not a correct copy of the video footage requested, and that its source is unreliable. Plaintiff requests that Defendants send a correct and unaltered copy of the entire video tape during the timeline requested. (*Id.*)

## III. Discussion

On October 16, 2015, Plaintiff served Defendants with a Request for Production of Documents ("RPD"). (ECF No. 22, Ex. A.) Defendants responded on November 20, 2015. (ECF No. 37, Ex. B.) Plaintiff now seeks production of requests 1-7 and 10-14.

**RPD 1:** Any and all computer tapes and disks of videotape footage for April 2, 2012, during the period of 8:00 pm through 11:59 pm, which shows Plaintiff being moved from his jail cell.

**Response:** Requested recordings, to the extent they exist, will be provided upon receipt of $6.00, the reasonable cost of copying.

**Ruling:** The motion to compel is denied, as moot.

Defendants recently sent Plaintiff a disc containing the requested video footage, and that the failure to send it initially was the result of an oversight due to staffing changes. While

---

[2] Plaintiff likely means January 5, 2016. (*See* ECF No. 26 at 1.)

[3] The Court declines at this time to impose sanctions or adverse rulings against Defendants for their failure to timely fill their opposition.

5

Defendants originally requested a $6.00 payment from Plaintiff, Defendants are no longer requiring reimbursement for the production of the video disc. Since the video footage has been produced to Plaintiff without requiring a payment, this request is now moot.

**RPD 2:** Any and all computer tapes and disks of videotape footage for the time period of 11:00 pm to 11:59 pm of Plaintiff being escorted from a holding cell to the elevator by Defendant O'Rafferty and Defendant Kaiois, while in the elevator, and after exiting the elevator.

**Response:** Requested recordings, to the extent they exist, will be provided upon receipt of the reasonable cost of copying as stated above.

**Ruling:** The motion to compel is denied, as moot.

As explained in RPD No. 1, Defendants have produced the video disc containing the requested footage and are no longer requiring reimbursement for its production. Since the video footage has been produced to Plaintiff without requiring a payment, this request is now moot.

**RPD 3:** Any and all computer tapes and disks of videotape footage for April 2, 2012, at 11:00 pm to 11:59 pm, where Plaintiff arrived at the nurses station/infirmary for a medical evaluation conducted by LVN Flores, before, during, and after said examination.

**Response:** There are no cameras in the infirmary, so no such documents exist.

**Ruling:** The motion to compel is denied.

Plaintiff argues that there are cameras located in the building and directed toward the general area of the infirmary and nurses' station. Defendants represent in their motion that they have produced footage of the jail hallways and the area outside the infirmary. Defendants have indicated no cameras are inside the infirmary, and as a result, there is no video footage inside the infirmary. Defendants cannot be compelled to produce documents which do not exist. Therefore, Plaintiff's motion to compel a further response to this Request shall be denied.

**RPD 4:** Any and all computer tapes and disks of videotape of footage for April 3, 2012, between 12:00 pm and 3:00 am where Plaintiff was moved to a holding cell after being examined by LVN Lacey Flores.

**Response:** There are no cameras in the infirmary, so no such documents exist.

**Ruling:** The motion to compel is denied.

As explained under RPD No. 3, Defendants have produced footage of the jail hallways and area outside of the infirmary. Defendants have indicated no cameras are inside the infirmary, and as a result, there is no video footage inside the infirmary. Defendants cannot be compelled to produce documents which do not exist. Therefore, Plaintiff's motion to compel a further response to this Request shall be denied.

**RPD 5:** Any and all incident reports, memorandum or any other specific documents related to the incident which occurred on April 2, 2012, where Plaintiff was allegedly assaulted by defendants.

**Response:** Objection to the extent this would require the production of documents presented by the attorney client privilege and attorney work product. Further objection to the extent that it would call for privileged inmate medical records. The responding party will produce incident report in case #12-4166.

**Ruling:** The motion to compel is denied in part and granted in part.

Plaintiff contends that Defendants' objection is inadequate because Defendants failed to show the need for keeping the information from being disclosed. *See* Fed. R. Civ. P 26(b)(5)(A). Defendants assert the attorney-client and attorney work product privileges. Defendants, therefore, bear the burden of proving that those privileges apply to the requested documents. *See In re Grand Jury Investigation*, 974 F.2d at 1070-71; *Garcia*, 214 F.R.D. at 591. "The asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." *Miller v. Pancucci*, 141 F.R.D. 292, 300 (9th Cir. 1992). Defendants did not produce a privilege log or otherwise sufficiently describe the documents for which they claim attorney-client and attorney work product privileges. Therefore, Defendants shall produce within twenty-one (21) days of the date of the entry of this order.

**RPD 6:** Any and all reports generated during the investigation of the incident during the grievance system process initiated by Plaintiff and conducted by Lieutenant J. Garza.

**Response:** The responding party is aware of no such documents. The responding party will produce plaintiff's grievance and the printed response submitted by Plaintiff concerning the

matters alleged in the Complaint.

**Ruling:** The motion to compel is denied.

Plaintiff argues that Defendants have a copy of the grievance which shows that Lt. J. Garza conducted an investigation. Defendants state that the grievance to which Plaintiff refers does not indicate the preparation of an investigation report. Defendants state that it only indicates Lt. Garza was involved in the grievance review process. Defendants state that they are unaware of any such document and that it does not exist. Accordingly, Defendants cannot be compelled to produce documents that do not exist.

**RPD 7:** Any and all medical reports generated by LVN Lacey Flores and nurse's assistant McKinney of injuries to plaintiff which occurred on April 2, 2012, and April 3, 2012.

**Response:** Objection to the extent this would require the production of documents obtained and assembled by counsel in connection with the present litigation as they are protected by the attorney work product doctrine. The requested documents which are not so protected will be produced to the extent they are available to the Tulare County Sheriff's Department.

**Ruling:** The motion to compel is denied in part and granted in part.

Plaintiff contends that Defendants' objections based on attorney work product doctrine fail to specify how the requested documents fall within that privilege. *See* Fed. R. Civ. P 26(b)(5)(A). To the extent that Defendants' objection is raised because documents are equally available to Plaintiff, which documents Defendants have compiled from independent sources, Plaintiff is advised that the Court will not compel disclosure of documents that are equally available to Plaintiff. The Court, however, cannot determine whether any other documents, not equally available to Plaintiff, are withheld on the basis of attorney work product doctrine. To the extent Defendants are withholding such documents, within twenty-one (21) days of the date of the entry of this order, Defendants must either (1) produce a privilege log sufficiently describing the documents for which they claim attorney work product privilege, or (2) a further response that Defendants are not withholding responsive documents because such documents are equally available to Plaintiff.

**RPD 10:** Any and all documents received via "subpoena," by and through complex legal services from the following sources:

    A. Kaweah Delta Hospital:

    B. Corizon Health:

    C. Tulare County Health and Human Services:

    D. Tulare Regional Medical Center:

    E. Cal. Dept. of Corrections and Rehabilitation.

**Response:** Objection: The request calls for information which is available to all parties equally, and is therefore oppressive and burdensome to Defendant. Further objection on the grounds the question seeks documents which are protected from disclosure by the attorney's work-product doctrine.

**Ruling:** The motion to compel is denied.

Plaintiff argues that he is entitled to the information Defendants obtained through third-party subpoenas. Defendants indicate that the information Plaintiff seeks is equally available to him by paying the fees for a subpoena duces tecum. Defendants also indicate that the information he seeks is in his own records, which he may obtain for free through the appropriate channels of each third-party. RPD No. 10 seeks to obtain information that is equally available to Plaintiff by third-party subpoena, *see* Fed. R. Civ. P. 45, or by contacting each third-party that has his records. As such, the Court will not compel Defendants to produce documents that are equally available to Plaintiff. *See Walker*, 2009 WL 3075575 at *2.

**RPD 11:** Name and address of insurance company who provides coverage to Tulare County Main Jail.

**Response:** Objection in that this request does not adequately specify a category of documents to be produced.

**Ruling:** The motion to compel is denied.

RPD No. 11 does not seek the production of documents, but rather would be best addressed through an interrogatory. Defendants will not be compelled to produce documents in response to requests that do not seek production of documents.

9

1 **RPD 12:** Name and address of business who "records" and stores surveillance footage of
2 cameras within the Tulare County Main Jail.
3 **Response:** Objection in that this request does not adequately specify a category of
4 documents to be produced.
5 **Ruling:** The motion to compel is denied.
6 RPD No. 12 does not seek the production of documents, but rather would be best
7 addressed through an interrogatory. Defendants will not be compelled to produce documents in
8 response to requests that do not seek production of documents.
9 **RPD 13:** Name and address of business where video camera surveillance footage is
10 digitally stored for Tulare County Main Jail.
11 **Response:** Objection in that this request does not adequately specify a category of
12 documents to be produced.
13 **Ruling:** The motion to compel is denied.
14 RPD No. 13 does not seek the production of documents, but rather would be best
15 addressed through an interrogatory. Defendants will not be compelled to produce documents in
16 response to requests that do not seek production of documents.
17 **RPD 14:** Any and all information and discovery documents related to this action that is in
18 your possession.
19 **Response:** Objection: In that this request does not adequately specify the category of
20 documents to be produced. Further objection in that the request calls for documents which are
21 available to all parties equally, and is therefore oppressive and burdensome to Defendant. Further
22 objection on the grounds the request seeks documents which are protected from disclosure by the
23 attorney's work-product doctrine.
24 **Ruling:** The motion to compel is denied.
25 RPD No. 14 does not seek the production of category of documents.  Fed.R.Civ.P. 34(b)
26 requires that the request for production of documents must "describe with reasonable particularity
27 each item or category of items to be inspected."  RPD No. 14 does not comply with Rule 34(b).
28 Moreover, RPD No. 14 is too broad and exceeds the scope of discovery in this case. *See* Fed. R.

Civ. P. 26(b)(1).

### IV.   The Video Disc

Plaintiff contends in his reply that Defendants altered the video disc Defendants sent and omitted crucial footage. (ECF No. 27 at 4.) He further states that after viewing the video disc, he was ordered to release it and return it to Tulare County Counsel. (*Id.*) However, Plaintiff instead sent the video disc to an attorney that he was trying to hire to represent him in this case. (*Id.*) The Court does not reach this new issue of the video disc's contents because Plaintiff has improperly raised it for the first time in his reply, thereby depriving Defendants of the opportunity to respond. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

### V.   Conclusion and Order

Accordingly, the Court HEREBY ORDERS that:

1. Plaintiff's motion to compel with respect to RPD Nos. 1-4, 6, and 10-14, is DENIED;
2. Plaintiff's motion to compel with respect to RPD Nos. 5 and 7, is DENIED IN PART, and GRANTED IN PART;
3. Defendants shall produce a privilege log in response to RPD No. 5 within **twenty-one (21) days** of service of this order; and
4. Defendants shall further respond to RPD No. 7 as indicated in the body of this order within **twenty-one (21) days** of service of this order.

IT IS SO ORDERED.

Dated:   **March 17, 2017**                    /s/ Barbara A. McAuliffe
                                                                UNITED STATES MAGISTRATE JUDGE

11