# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR GARCIA, JR., <br><br>  Plaintiff, <br><br> v. <br><br> TULARE COUNTY MAIN JAIL, et al, <br><br>  Defendants. | 1:14-cv-00476-BAM (PC) <br><br> ORDER TO SHOW CAUSE WHY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE GRANTED FOR PLAINTIFF'S FAILURE TO FILE OPPOSITION IN COMPLIANCE WITH FED. R. CIV. P. 56 AND LOCAL RULE 260(b) <br><br> **TWENTY-ONE (21) DAY DEADLINE** |

**I.    Background**

Plaintiff Omar Garcia, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 while he was detained at the Bob Wiley Detention Facility in Visalia, California.  Plaintiff is now a state prisoner housed at California State Prison, Los Angeles County.  This action proceed on Plaintiff's first amended complaint against: (1) Defendants O'Rafferty and Kaiois (sued as Kaious) for excessive force in violation of the Fourteenth Amendment, (2) Defendant Onstott for failure to intervene in violation of the Fourteenth Amendment; (3) Defendants O'Rafferty, Kaiois, Flores, Avina, Myers (sued as Meyers) and Ellis for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; and (4) Defendants O'Rafferty, Kaiois, Flores, Avina, Myers and Ellis for negligence in violation of state law.  All parties have consented to the jurisdiction of a United

1

1 | States Magistrate Judge. (ECF Nos. 5, 19.)

2 | Currently before the Court is Defendants' motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies and failed to timely file a Government Tort Claim. (ECF No. 36.) Plaintiff was provided with notice of the requirements for opposing that motion. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1088). (ECF No. 36, pp. 1–3.) Plaintiff filed an opposition on September 11, 2017, (ECF No. 37), and Defendants filed a reply on September 20, 2017, (ECF No. 38).

**II.     Discussion**

**A.     Plaintiff's Opposition**

As argued by Defendants in their reply, Plaintiff's opposition fails to comply with Federal Rule of Civil Procedure 56(c)(1)(A), which requires that "a party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Plaintiff has also failed to file a separate document disputing Defendants' statement of undisputed facts, as required by Local Rule 260(b). The Court further notes that Plaintiff's first amended complaint is not verified, (ECF No. 24), and his opposition to the motion for summary judgment is neither signed under penalty of perjury nor accompanied by a sworn declaration or affidavit, (ECF No. 37).

Therefore, while Defendants have set forth facts and admissible evidence by which they argue that "there was an available administrative remedy, and that [Plaintiff] did not exhaust that available remedy," Plaintiff has not set forth admissible evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). On the basis of the admissible evidence presented by the parties, the Court is inclined to find that Plaintiff has failed to provide sufficient evidence to dispute the material facts asserted in Defendants' motion.

///

///

1 **B.      Leave to File Supplement to Opposition**

It is well-established that the pleadings of *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atjyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012) (en banc).  However, the unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364–65 & n.4 (9th Cir. 1986) (citations and internal quotation marks omitted).  Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id. at 1364 n.4 (citation omitted).

Defendants assert in their reply that, despite having provided Plaintiff with a Rand notice with the submission of their motion for summary judgment, they are not opposed to the Court granting Plaintiff leave to cure deficiencies and add admissible evidence to his opposition to the motion for summary judgment.  (ECF No. 38, p. 5.)  In light of Plaintiff's *pro se* status and Defendants' agreement, the Court is inclined to grant Plaintiff an opportunity to submit additional evidence in support of his opposition.

Plaintiff is warned that any submission should comply with the applicable requirements of Federal Rule of Civil Procedure 56, which sets forth what he must do in order to oppose a motion for summary judgment.  Plaintiff may not simply rely on the allegations in his first amended complaint, but must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.

Further, Plaintiff must comply with Local Rule 260(b), which requires him to "reproduce the itemized facts in Defendants' Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular

portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Plaintiff may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." Id. If additional discovery is needed to oppose summary judgment, Local Rule 260(b) further requires Plaintiff to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."

**III. Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file a supplement to his opposition to Defendants' motion for summary judgment, (ECF No. 36), if any, showing good cause as to why Defendants' motion for summary judgment should not be granted;

2. Defendants shall file a reply, if any, within **seven (7) days** from the date of filing of Plaintiff's response; and

3. **<u>Plaintiff's failure to respond to this order to show cause may result in dismissal of this action or in summary judgment in favor of Defendants due to Plaintiff's failure to identify a genuine dispute as to any material fact</u>**.

IT IS SO ORDERED.

Dated: **March 29, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE