# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR GARCIA, JR., <br><br> Plaintiff, <br><br> v. <br><br> TULARE COUNTY MAIN JAIL, et al., <br><br> Defendants. | Case No. 1:14-cv-00476-BAM (PC) <br><br> ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS <br><br> (ECF No. 45, 48) |

Plaintiff Omar Garcia, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 while he was detained at the Bob Wiley Detention Facility in Visalia, California. Plaintiff is now a state prisoner housed at California State Prison, Los Angeles County. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants O'Rafferty and Kaiois (sued as Kaious) for excessive force in violation of the Fourteenth Amendment, (2) Defendant Onstott for failure to intervene in violation of the Fourteenth Amendment; (3) Defendants O'Rafferty, Kaiois, Flores, Avina, Myers (sued as Meyers) and Ellis for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; and (4) Defendants O'Rafferty, Kaiois, Flores, Avina, Myers and Ellis for negligence in violation of state law. All parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 19.) For the reasons that follow, the Court orders that this action be dismissed, with prejudice.

1

**I.      Background**

On August 16, 2017, Defendants filed a motion for summary judgment. Fed. R. Civ. P. 56. (ECF No. 36.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 36, pp. 1–3.) Plaintiff filed an opposition on September 11, 2017, (ECF No. 37), and Defendants filed a reply on September 20, 2017, (ECF No. 38).

As Plaintiff's opposition failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A) and Local Rule 260(b), and with the consent of Defendants, the Court granted Plaintiff an opportunity to submit additional evidence in support of his opposition. (ECF No. 45.) Plaintiff was directed to submit a supplement to his opposition showing good cause as to why Defendants' motion for summary judgment should not be granted, within twenty-one (21) days from service of the Court's order. Plaintiff was warned that failure to respond may result in dismissal of this action or in summary judgment in favor of Defendants. (Id.)

On April 20, 2018, Plaintiff filed a motion for a sixty-day extension of time to file a response to the Court's order. (ECF No. 47.) Plaintiff states that twenty-one days was not sufficient time for him to respond, and that he had not had sufficient access to the law library to research case law. (Id.) The Court found good cause to grant Plaintiff's motion in part, and ordered Plaintiff to file his response within thirty (30) days. (ECF No. 48.)

As of the date of this order, Plaintiff has not filed a supplemental response to Defendants' motion for summary judgment, a response to the Court's order to show cause, or otherwise communicated with the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for more than four years, and Plaintiff's supplemental response or opposition to Defendants' motion for summary judgment is overdue. Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendants' notice, Plaintiff did not file a proper opposition. Plaintiff was provided with an opportunity to show cause why this action should not be dismissed, and after being granted an extension of time to respond, remained incommunicative. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's March 30, 2018 order to show cause expressly warned Plaintiff that the failure to respond to that order would result in dismissal of this action or in summary judgment in favor of Defendants. (ECF No. 45, p. 4.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

### III. Conclusion and Order

Accordingly, the Court finds that dismissal is the appropriate sanction and this action is HEREBY DISMISSED, with prejudice, for failure to prosecute and for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 6, 2018**            /s/ *Barbara A. McAuliffe*            
UNITED STATES MAGISTRATE JUDGE