# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR GARCIA, JR., <br><br> Plaintiff, <br><br> v. <br><br> TULARE COUNTY MAIN JAIL, et al., <br><br> Defendants. | Case No. 1:14-cv-00476-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT <br><br> (ECF No. 52) |

Plaintiff Omar Garcia, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 while he was detained at the Bob Wiley Detention Facility in Visalia, California. Plaintiff is now a state prisoner housed at California State Prison, Los Angeles County. All parties consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 19.)

**I.   Background**

On August 16, 2017, Defendants filed a motion for summary judgment. (ECF No. 36.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 36, pp. 1–3.) Plaintiff filed an opposition on September 11, 2017, (ECF No. 37), and Defendants filed a reply on September 20, 2017, (ECF No. 38).

1

As Plaintiff's opposition failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A) and Local Rule 260(b), and with the consent of Defendants, the Court granted Plaintiff an opportunity to submit additional evidence in support of his opposition. (ECF No. 45.) Plaintiff was directed to submit a supplement to his opposition showing good cause as to why Defendants' motion for summary judgment should not be granted, within twenty-one (21) days. Plaintiff was warned that failure to respond may result in dismissal of this action or in summary judgment in favor of Defendants. (Id.)

On April 20, 2018, Plaintiff filed a motion for a sixty-day extension of time to file a response to the Court's order. (ECF No. 47.) The Court granted Plaintiff's motion in part, and ordered Plaintiff to file his response within thirty (30) days. (ECF No. 48.)

On June 7, 2018, due to Plaintiff's failure to respond or otherwise communicate with the Court, the Court dismissed this action, with prejudice, for failure to prosecute and failure to obey a Court order. (ECF No. 50.) Judgment was entered accordingly and the action was closed. (ECF No. 51.)

Currently before the Court is Plaintiff's "Motion for Relief from Default Pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)," filed July 30, 2018.[1] (ECF No. 52.) Although provided with time to do so, Defendants have not filed an opposition or otherwise responded to the motion. The deadline for a response has expired, and the motion is deemed submitted. Local Rule 230(l).

**II.     Legal Standard**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any

---

[1] As no default was entered in this action, the Court will consider Plaintiff's motion under the Rule 60(b) standard only.

event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." Latshaw, 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .' " of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992)). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**III.     Discussion**

In his motion, Plaintiff argues that he is entitled to relief from the judgment because his failure to file his response in a timely manner was due to a combination of obstacles which rendered it virtually impossible for him to respond. (ECF No. 52.) Specifically, Plaintiff alleges that Inmate Chavira, acting as Plaintiff's jailhouse lawyer, represented that he would file a response to the Court's March 30, 2018 order to show cause and correct the deficiencies in Plaintiff's original opposition to the summary judgment motion. Plaintiff alleges that he was

"required" to put the court orders related to this action in Inmate Chavira's care, and that Inmate Chavira had possession of most of Plaintiff's documents.

Following the Court's order partially granting Plaintiff's motion for extension of time to file a response to the order to show cause, Inmate Chavira told Plaintiff he would file the required supplement. Plaintiff believed Inmate Chavira, who said that he had filed the supplement with the Court. When Plaintiff asked to read a copy of the supplement to the opposition, Inmate Chavira delayed and never produced any such document. When Plaintiff asked how Inmate Chavira had filed without Plaintiff's signature, Inmate Chavira responded that he had signed on behalf of Plaintiff. Plaintiff alleges that Inmate Chavira had done this with other documents. (Id.)

Plaintiff's arguments are unpersuasive, and the Court finds that Plaintiff has failed to demonstrate "both injury and circumstances beyond his control." Latshaw, 452 F.3d at 1103. Plaintiff contends that Inmate Chavira's actions were beyond his control, and that Inmate Chavira lied about timely filing the supplemental opposition in this action. However, it was Plaintiff who chose to turn over the prosecution of this action to Inmate Chavira. No party to this action forced Plaintiff to rely on the assistance of Inmate Chavira, nor did any party require Plaintiff to give up all of his legal documents such that he was unable to prosecute this action personally. Although Plaintiff's injury is clear, the Court finds that Plaintiff is the party who appropriately bears the burden of Inmate Chavira's failure. As Inmate Chavira was participating in this litigation at Plaintiff's direction, Plaintiff has failed to show that he is entitled to the relief he seeks.

**IV.    Conclusion and Order**

Accordingly, Plaintiff's motion for relief from judgment, (ECF No. 52), is DENIED.

IT IS SO ORDERED.

Dated:   **August 22, 2018**                    /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

4